IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lee Clayton, Jr., #22114, | ) | C/A No. 8:16-2851-RBH-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Adelle Doby, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Robert Lee Clayton, Jr. ("Petitioner"), proceeding pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges he is a pretrial detainee at the Edgefield County Detention Center ("ECDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. He also filed a motion for temporary restraining order/preliminary injunction. This case, and the motion for temporary restraining order/ preliminary injunction are subject to summary dismissal.

## BACKGROUND

Petitioner alleges he is detained in the ECDC, and it appears that he has an attorney appointed to represent him in the state pending criminal case. [Docs. 1, 3.] He indicates that he has been charged in state court—the Edgefield County Court of General Sessions—with domestic violence high and aggravated nature, escape, and possession of a stolen vehicle. [*Id.*]

In the habeas petition, Petitioner contends the state court lacks subject matter jurisdiction over the domestic violence high and aggravated nature charge because the alleged conduct happened in another jurisdiction. [Doc. 1.] The chief of police for Johnston allegedly gave misleading information and suppressed facts in order to obtain the

prosecution.[1] [*Id.*]  He also contends that the chief of police for Johnston made a false statement in an affidavit such that a stolen vehicle was valued between $10,000 and $2,000. [*Id.*] He argues that the value of the vehicle was not more than $2,000; thus, the possession of a stolen vehicle charge should not be prosecuted in general sessions court. [*Id.*] Further, he argues that there is a lack of probable cause for the escape charge because the element of lawful custody is absent. [*Id.*]

Petitioner seems to allege that his state court counsel has not moved to dismiss his pending criminal charges based on these grounds, and Petitioner has filed pro se motions in state court that are being ignored. [*Id.*] Petitioner requests this Court to grant him immediate release from custody due to lack of probable cause, and he seeks a declaration that he has a right to represent himself in the criminal proceedings. [*Id.*]

In the accompanying motion for temporary restraining order/preliminary injunction, Petitioner requests this Court to order the state court "to hold a hearing on the motion to relieve counsel and all the pending motions" Petitioner has filed pro se. [Doc. 3.] He seems to argue that the immediate great harm and injury he is suffering is his being kept in pretrial detention due to perjured testimony. [*Id.*] He contends the criminal charges against him are not based on probable cause, and he should not be subjected to a trial. [*Id.*] He further argues that he is being forced to have a public defender who is not providing effective assistance of counsel; thus, his right to self-representation is being blocked. [*Id.*]

---

[1]This Court takes judicial notice that Petitioner is suing three officers from the town of Johnston Police Department and a state magistrate judge from Edgefield County pursuant to 42 U.S.C. § 1983 alleging unlawful arrest.  *See Clayton v. Mosely*, C/A No. 8:16-1363-RBH-JDA (D.S.C.); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  Petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

3

## DISCUSSION

**I.    Merits of the Habeas Petition**

As an initial matter, although Petitioner completed the § 2254 habeas form for a person in state custody, this Court construes that his application for relief is pursuant to 28 U.S.C. § 2241 because Petitioner is a pretrial detainee.[2]  *See, e.g., Jordan v. McMaster*, C/A No. 8:09-51-CMC-BHH, 2010 WL 419928, at *1–2 (D.S.C. Jan. 29, 2010) (explaining that the § 2254 petition should have been construed as a § 2241 petition).

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction.  However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  Generally though, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus.  *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).  And, a federal writ of habeas corpus under 28 U.S.C. § 2241 can only be sought *after* the petitioner has exhausted his state remedies.[3]  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Moore*

_____

[2]Even if this Court deems this action to be pursuant to § 2254, it should still be dismissed for failure to exhaust state remedies as set forth herein.

[3]Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

*v. DeYoung*, 515 F.2d 437, 442–43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241).

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Petitioner alleges he is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

5

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26; *see also Braden*, 410 U.S. at 489–90. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore*, 515 F.2d at 449. Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)(double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial).

Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. For example, in *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.* at 443.

In the instant habeas petition, the Court gleans two constitutional issues raised by Petitioner. First, Petitioner may be raising a Fourth Amendment claim of malicious or unlawful prosecution based on lack of probable cause. However, Petitioner may certainly challenge the evidence against him as unreliable and false during the state trial and post-trial proceedings. Thus, pretrial intervention by this Court is not appropriate. And, notably, in response to Petitioner's filing a writ of habeas corpus in the state court, on August 2, 2016, that state court ruled that the sufficiency of the evidence should be challenged

through criminal court, and it explained that the grand jury had made a determination of probable cause. [Doc. 1-1 at 4–6.]

Second, although Petitioner contends that he has the Sixth Amendment right to self-representation in his criminal proceeding and that his right is being denied, this Court finds that Petitioner can continue to assert his right to self-representation in the state court trial proceedings. *See, e.g., Thomas v. Richland Cnty. Clerk of Court's Office*, C/A No. 4:11-367-JFA-TER, 2011 WL 1630941, at *3 (D.S.C. April 1, 2011) (discussing the right to assistance of counsel in a criminal case guaranteed by the Sixth Amendment and the implied right to self-representation after a waiver), *adopted by* 2011 WL 1638576 (D.S.C. April 29, 2011), *appealed dismissed* 451 F. App'x 286 (4th Cir. 2011). And, if Petitioner's motion to relieve counsel is denied, he can pursue his claim in state post-trial proceedings. *See, e.g., United States v. Curry*, 575 F. App'x 143 (4th Cir. 2014) (criminal defendant who defended himself at trial raised on direct appeal the ground that trial court erred by allowing him to waive his Sixth Amendment right to counsel).

Accordingly, Petitioner should have adequate opportunity to raise his federal claims in the state proceedings. Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. Petitioner is, therefore, precluded from federal habeas relief at this time, and his Petition should be dismissed.

## II.    Motion for Temporary Restraining Order/Preliminary Injunction

Under the legal standard adopted by our Court of Appeals, Petitioner is not entitled to a temporary restraining order without notice to the adverse party or a preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our

earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010); *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Under the *Winter* standard, Petitioner must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Real Truth About Obama, Inc.*, 575 F.3d at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Petitioner must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a petitioner is entitled to such relief. *Id.*

As discussed in the first section, Petitioner is not likely to succeed on the merits, and this case is recommended for summary dismissal. Thus, he cannot satisfy the first *Winter* prong, and the motion for temporary restraining order/preliminary injunction should be denied.

## **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return.  And, it is recommended that the motion for temporary restraining order/preliminary injunction be denied.  **Petitioner's attention is directed to the important notice on the next page.**


August 22, 2016                                    S/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).